UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60063-CR-ZLOCH

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

RODA ABDUL HASSAN TAHER,

        Defendant
_____/

**MOTION FOR REVOCATION AND ESTREATURE AND FOR ENTRY
OF A FINAL JUDGMENT OF FORFEITURE OF APPEARANCE BOND**

Plaintiff, United States of America, by and through the undersigned Assistant United States Attorney for the Southern District of Florida, moves this court to revoke and estreat the appearance bond and enter a final judgment of forfeiture of appearance bond in favor of plaintiff and against defendant Roda Abdul Taher. Plaintiff will rely in support hereof upon the annexed Memorandum of Law.

**MEMORANDUM OF LAW
REQUEST FOR ESTREATURE**

1. On February 24, 2010, defendant Roda Abdul Hassan Taher executed a personal surety appearance bond in the sum of $200,000 to guarantee the defendant's appearance as ordered by the court (D.E.: 13).

2. The defendant Roda Abdul Hassan Taher has not honored the terms of the appearance bond in that he failed to appear for his sentencing hearing as ordered by the court.

3. On May 6, 2010, this Court issued an Order transferring the defendant to fugitive status (D.E.:24). The defendant remains a fugitive as of the date of this pleading.

4. The provisions of Fed.R.Crim.P. 46(f)(1), provide that: "The court must declare the bail forfeited, if a condition of the bond is breached." It has been held that the revocation or forfeiture required by these provisions is mandatory, even though it may later be set aside under the further provisions of Paragraph (f). United States v. Stanley, 601 F.2d 380 (9th Cir. 1979); Smith v. United States, 357 F.2d 486, 490 (5th Cir. 1966); Wright, Federal Practice & Procedure: Criminal 2d § 776. No notice to the defendant or surety concerning the failure to appear or action for estreature is required, even though such notice is required in connection with a subsequent motion for appearance bond forfeiture judgment. United States v. Vera-Estrada, 577 F.2d 598 (9th Cir. 1979); United States v. Marquez, 564 F.2d 379, 381 (10th Cir. 1977).

5. Plaintiff therefore moves the Court to revoke and estreat the appearance bond as to the defendant.

## REQUEST FOR BOND FORFEITURE JUDGMENT

6. The provisions of Fed.R.Crim.P. 46(f)(3) permit the Court, on motion, to enter judgment as to any bond previously estreated and not subsequently set aside, and further provide that the obligor on the bond submit to jurisdiction and irrevocably appoint the Clerk of Court their agent for service of process when they execute the bond.

7. Upon the failure of any defendant to defendant to appear as directed by the Court, the provisions of 18 U.S.C. § 3146(d) permit the Court to declare forfeit to the United States any property posted or pledged to secure an appearance bond executed under the provisions of 18 U.S.C. §§ 3142(b), 3142(c)(1)(B)(xi) or (xii).

8. It is clear that upon failure of a bailed defendant to appear as required, the surety

becomes absolutely obligated to the United States for the full amount of the bond, and that the government is not required in its motion to prove the amount of its expenses as a result of the breach.  United States v. Foster, 418 F.2d 1254, 1256 (7th Cir. 1969); United States v. Caro, 56 F.R.D. 16, 20 (S.D. FL 1972); Wright, Federal Practice and Procedure: Criminal 2d § 776.

WHEREFORE, the United States of America moves this court to enter a final judgment of forfeiture of appearance bond as to the defendant in the sum of $200,000 as to the defendant, together with interest as prescribed by 28 U.S.C. § 1961, and the  costs of this action.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:   *s/ Jennifer A. Keene*
Jennifer A. Keene
Assistant United States Attorney
Florida Bar No. 0958263
500 E. Broward Blvd., Suite 700
Ft. Lauderdale, Florida 33394
Tel:  (954) 356-7255 Ext. 3596
Fax: (954) 356-7336
E-mail: Jennifer.Keene@usdoj.gov

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 17, 2011, I electronically filed the foregoing

*s/ Jennifer A. Keene*
Jennifer A. Keene
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60063-CR-ZLOCH

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

RODA ABDUL HASSAN TAHER,

        Defendant
_____/

## ORDER REVOKING AND ESTREATING PERSONAL SURETY APPEARANCE BOND

THIS MATTER is before the Court on the United States' Motion for revocation and estreature of the personal surety appearance bond of defendant Roda Abdul Hassan Taher in the sum of $200,000, and is amply supported by the records of this Court; therefore, it is

**ORDERED AND ADJUDGED** that the appearance bond of defendant Roda Abdul Hassan Taher in the sum of $200,000 is hereby revoked and estreated.

**DONE AND ORDERED** in chambers in Ft. Lauderdale, Florida, this ____ day of February, 2011.

                                            WIILLIAM J. ZLOCH
                                            UNITED STATES DISTRICT JUDGE

cc:
AUSA Jennifer A. Keene
AUSA Elizabeth Stein (two certified copies)
Aggie Reed, Financial Section, U.S. District Court

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60063-CR-ZLOCH

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

RODA ABDUL HASSAN TAHER,

        Defendant.
                                                 /

## FINAL JUDGMENT OF FORFEITURE OF
## PERSONAL SURETY APPEARANCE BOND

THIS MATTER is before the Court on the United States' Motion for a Final Judgment of Forfeiture of Appearance Bond against defendant Roda Abdul Hassan Taher. The United States seeks to forfeit the appearance bond posted with this court in the sum of $200,000 as to the personal surety bond, and the Court having noted the previous revocation and estreature of said appearance bond, and having found no basis for exonerating or remitting the bond, it is

**ORDERED AND ADJUDGED** that plaintiff United States of America have judgment against defendant, Rdoa Abdul Hassan Taher in the sum of $200,000 as to the personal surety bond, together with interest thereon from the date of this judgment as prescribed by 28 U.S.C. § 1961; and it is further,

**ORDERED AND ADJUDGED** that any and all monies or things of value deposited with the Registry Fund Account of the Clerk of Court as security for the aforesaid bond shall be forthwith transferred to the treasury of the United States in accordance with 28 U.S.C. §§ 2042 and 2043; and it is further,

**ORDERED AND ADJUDGED** that any and all real or personal property, wherever situated

and in whomsoever's custody it may be, pledged or granted to the United States to secure payment of the aforesaid bond, is hereby forfeited to the United States and subject to disposition according to law.

**DONE AND ORDERED** in chambers in Ft. Lauderdale, Florida, this ____ day of February, 2011.

_____
WILLIAM J. ZLOCH
UNITED STATES DISTRICT JUDGE

cc:

AUSA Jennifer A. Keene
AUSA Elizabeth Stein (two certified copies)
Aggie Reed, Financial Section, Clerk's Office